Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. 2:23-cr-00112-RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER |
| CAIDEN JAMES CHARLTON, | |
| Defendant. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court upon the Defendant's Motion for Revocation of Detention Order. Dkt. 35. The Court has considered the Defendant's motion, the government's response (Dkt. 39), the Defendant's reply, (Dkt. 41), and the files and pleadings herein, including the report prepared by Pretrial Services.

The detention hearing in this matter was held before Magistrate Judge Michelle L. Peterson on August 16, 2023. After considering the records and files herein, a hearing was held. Judge Peterson heard testimony from two witnesses, Amity Bjork, a state public defender who represented the Defendant in juvenile court, and Zaheed Lynch, a counselor for Community Passageways, who spoke on the Defendant's behalf. Judge Peterson found that the Defendant did not pose a risk of flight and thus any presumption of detention that had initially attached to the charges had been overcome by

ORDER - 1

the defense. Dkt. 33 at 1: Ex. A at 40.  This determination was made because of the Defendant's strong community ties and support.  After considering the four factors of the Bail Reform Act, she ultimately concluded that there were no conditions or combination of conditions that would assure the safety of the community.  Dkt. 35-1, at 42.  The Defendant's motion for release was thus denied.

Now before the Court is Defendant's motion for revocation of the detention order.  After reviewing the parties' briefs, the relevant case law, and the record, the Court finds that oral argument is unnecessary.  For the reasons below, the Court **DENIES** the Defendant's motion.  The Defendant shall remain detained pending trial.

## II.   LEGAL STANDARD

Both parties accurately identify that a district court reviews *de novo* a magistrate judge's order for pretrial detention or release.  *United States v. Koenig,* 912 F.2d 1190, 1192-93 (9th Cir. 1990).  Both parties also accurately identify the Title 18 U.S.C. § 3142(g) factors this Court must consider in deciding whether to detain the Defendant pending trial.  In making this determination, this Court is statutorily guided that a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence.  *Id.*  Additionally, a finding that no condition or combination of conditions will reasonably assure the Defendant's appearance must be established by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## III.   DISCUSSION

### A. Defendant Poses a Risk of Danger to the Community.

The Court begins its analysis with the observation that at the detention hearing, the magistrate judge found that the Defendant was a danger to the community.  Dkt. 35-1.  The Pretrial Services Report also concluded the Defendant is viewed as a risk of nonappearance based on his association with an alias, history of failure to appear, history

ORDER - 2

of supervision noncompliance, lack of prosocial ties, a history of residential instability, substance abuse and mental health history. That same report indicated that Pretrial Services viewed the Defendant as a risk of danger based on the nature of the instant offense, a pattern of similar criminal activity, that he had committed one count of the instant offense while released on pretrial bond, and his substance abuse and mental health history.

The government has presented compelling and convincing evidence of the danger the Defendant presents to the community, particularly in the arena of his engagement in the robbery of marijuana dispensaries and firearm use in the commission of these offenses. The government's Memorandum in Support of Detention sets forth more than sufficient facts regarding the Defendant's alleged robbery activities.

As alleged, Counts 1 and 2 of the indictment involve the use of a firearm whereby the Defendant's alleged accomplice pointed a gun at a store employee while the Defendant allegedly removed marijuana packages from the store shelves. Dkt. 39, at 4. As alleged, Counts 3 and 4 reflect similar facts where the Defendant's alleged accomplice pointed a handgun at store employees and before departing stole an estimated $8,000 to $10,000 worth of cash and marijuana products.

The charged offenses do not reflect the totality of the Defendant's alleged spree of criminal activity. The Defendant was also allegedly involved in another marijuana dispensary robbery (West Seattle) on the same day as the others occurring in Counts 1 and 2.

The facts indicate the Defendant was arrested and subsequently released after being charged in Pierce County with one count of Unlawful Possession of a Firearm in the First Degree and one count of Making a False or Misleading Statement to a Public Servant. He was released from jail after posting a $10,000 bond and ordered to report to Pretrial Services within 24 hours of his release with the condition that he not commit any criminal violations or possess any firearms. He did not respond as ordered.

The facts further indicate that the day following Defendant's release he was allegedly involved in two more robberies (Counts 5 and 6). The significant difference in

ORDER - 3

these allegations is that here, the Defendant has been identified as the individual who pointed a handgun at employees, forcing an employee to the back of the store while continuing to point the firearm at the employee's neck, causing him to fear for his life.

In addition, the Defendant has been identified as one of two individuals who robbed the Novel Tree marijuana dispensary at gunpoint.  The Defendant has been identified as the person who pointed a gun in the face of a store clerk and held that same weapon to the head of another employee.  The same pattern was involved in two other uncharged robberies (Seaweed Cannabis and Dockside Cannabis) occurring within days of the other offenses.  The Defendant was allegedly identified as the person who pulled a firearm and pointed it at store employees.

Compounding the robbery offenses is the contention that upon the attempted arrest of the Defendant he and his juvenile associates engaged in a multi-hour standoff with law enforcement officers. When they finally surrendered, officers discovered they had another eight firearms and the Defendant attempted to destroy evidence.

Emblematic to the danger the Defendant poses to the community is that all of the above noted offenses occurred over a matter of days.  The danger was amplified by the fact that after the Defendant had been charged in Pierce County, released on bond with court directives to report for supervision, he immediately engaged in additional robberies.

The Court is sensitive to the defense arguments about the lack of development of an 18-year-old mind, but that consideration fails to mitigate the danger the Defendant presents.  When given the opportunity to conform with restrictions on his freedom and criminal activity, he immediately resorted to more criminal and more violent behavior.

While the specifics of the allegations have yet to be proved, the facts as presented support by a preponderance of the evidence that the Defendant is a danger to the community.  This observation is compounded by the fact that given his felony history, it was illegal for him to possess any firearm.  These collective facts lead this Court to the unmistakable conclusion that there are no conditions or combination of conditions that

ORDER - 4

will reasonably assure the safety of the community if the Defendant is released from detention.

The standard before this Court for its determination on danger is preponderance of the evidence and that standard has been met by the government.

The clear and convincing evidence in this case warrants a finding that the Defendant is a risk of danger based on the nature of the offense, and safety concerns.

**B.  Defendant Poses a Risk of Flight if Released.**

In assessing flight risk, the Court cannot ignore the Defendant's four failures to appear.  This observation is compounded by the fact that when he was released on June 9, 2023, after posting $10,000 and being instructed to report the next day, he not only failed to appear, but rather engaged in new criminal behavior and robberies.

If released the Defendant would be expected to comply with the conditions of supervision as monitored by Pretrial Services.  The Defendant has a history of failing to comply with conditions of supervision.  First Supp. PTS Report (August 11, 2023).

In addition to the foregoing, if convicted as charged, the Defendant is facing a mandatory 21 years in prison, not to mention any additional exposure for at least four other armed robberies during May and June 2023.

The weight of the evidence is a factor considered in this Court's assessment.  The Court is mindful that the weight of the evidence can only be considered in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community.  *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  Likewise, *Motamedi, Id*. at 1408, instructs that the weight of the evidence is the least important factor for the Court to consider.

In this case the number of robberies involving violent theft activities using firearms collectively are strong regarding the weight of the evidence that the Defendant was involved in multiple offenses while armed with a firearm.

While the Defendant is presumed innocent and nothing in the Bail Reform Act may be construed as modifying or limiting that presumption, 18 U.S.C. § 3142(j), the

ORDER - 5

Court has considered what is reflected in the government's proffer of evidence balanced against that of the Defendant and finds that the weight is strong.

Highly significant to this Court's finding is Pretrial Services' input regarding the Defendant's release. Here the Defendant has the benefit of a place to reside, namely the home of Krystal Findlay-Ward. The Court will not engage in a discussion regarding the challenge to the accuracy of the identification of her employment with the Department of Corrections or McNeil Island. Rather, the critical consideration is that she remains steadfast in making her home available and Pretrial Services has approved her home as a residence for the Defendant if the Court releases him. While Pretrial Services has approved her home, it does not support his release, indicating that it did not believe there were conditions or a combination of conditions that would reasonably assure his future court appearance nor address the safety of any persons in the community.

The last factor this Court will address is the Defendant's personal history and characteristics. This Court is keenly aware of the significant importance of a young teen being housed with adult offenders. The Court is also sensitive to the Defendant's tragic upbringing and what appears to be the complete absence of parental guidance or nurturing influences in his life. The Court agrees with the observation of Judge Peterson that the Defendant has strong ties to the community as evidenced by the witnesses who appeared and testified on his behalf. The Court, however, cannot ignore the facts or circumstances of the Defendant's rapid-fire engagement in the robbery of multiple marijuana dispensaries while either armed with a firearm or committing the offense with an associate who was allegedly armed with a firearm. Each of these offenses as alleged demonstrate they were committed with a substantial degree of danger and disregard for the safety of members of the community. The factors considered by this Court additionally warrant this Court to conclude that the Defendant's release plan is insufficient to assure his appearance at future proceedings.

///
///
///

ORDER - 6

## IV.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Revocation of the magistrate judge's Detention Order.

DATED this 15th day of September, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge